ELDON J. WEST and VERA F. WEST, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
West v. Commissioner
Docket No. 13330-81.
United States Tax Court
T.C. Memo 1986-96; 1986 Tax Ct. Memo LEXIS 517; 51 T.C.M. (CCH) 589; T.C.M. (RIA) 86096; March 10, 1986. Ray O. Womack, for the petitioners. Irene Scott Carroll, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined deficiencies in and additions to petitioners' Federal income tax as follows: Additions to Tax
Year
Deficiency
Sec. 6651(a)(1) [1]
Sec. 6653(a)
1975
$1,661
$415
$97
1976
4,770
1,193
560
1977
7,255
1,088
363
After concessions by the parties, the sole issue is whether petitioners are entitled to deduct amount expended by them in connection with activities related to a certain soil treatment process. FINDINGS OF FACT Some of the facts are stipulated and are found accordingly. Petitioners, Eldon J. West (herein, "petitioner") and Vera F. West, are husband and wife and resided in Corona, Calif., when they filed the petition herein. Petitioner *519 was a real estate broker during 1975, 1976, and 1977. In the early part of 1976, petitioner met Lester Lemm (herein "Lemm") and Gary Baker (herein "Baker") who invited petitioner to participate in the exploitation of a soil treatment process which Lemm claimed to have invented. Lemm and Baker represented to petitioner that such process destroyed nematodes with the use of seismic equipment and without the need for chemicals. [2] Lemm and Baker produced a letter from an environmental biologist Robert L. Pope (herein "Pope") which stated that initial tests showed such soil treatment process to produce "effective nematode control". Lemm and Baker asked petitioner to provide funding for the promotion of such activities and for the purchase of necessary equipment. On April 20, 1976, petitioner, Lemm, and Baker executed a document entitled "joint venture agreement" (herein "agreement") wherein petitioner agreed to contribute $15,000, consisting of $5,000 for expenses incurred for the promotion of activities and $10,000 as a down payment for the necessary equipment, and his time and skill in promoting the *520 activities. Lemm and Baker each agreed to contribute his time and skill as a technical expert and scientist to promote the marketing of the soil treatment process. No monetary contribution was required of Lemm or Baker. In sum, peititioner was to finance the entire operation. Pursuant to the agreement, petitioner was to hold legal title to the property to be purchased as trustee for himself, Lemm and Baker. Petitioner, Lemm, and Baker would each own an undivided one-third beneficial interest in such property. Profits from the soil treatment activity would be divided equally among petitioner, Lemm, and Baker. There was no mention in the agreement as to how losses were to be divided. After executing the agreement, petitioner expended additional funds to advertise such soil treatment process and attempted without success to solicit clients. Petitioner also purchased five mobile seismic units commonly used for oil explorations which, Lemm represented, would send shock waves through the soil and thereby eliminate nematodes. Each unit weighed 29,600 pounds, was approximately twenty feet long and eight feet wide and was transported by being hung on hydraulic cables in the center *521 of a truck. Petitioner purchased a truck and a trailer to transport such units to California from Texas where they were purchased. Prior to the purchase of the mobile seismic units, petitioner also rented a similar unit from a lessor in Texas and paid for the transportation of it to Idaho where petitioner arranged for tests to be conducted. Petitioner later conducted tests using the purchased units. The reports petitioner received regarding the tests conducted using the seismic equipment were inconsistent. Pope continued to report that such method was successful in eliminating nematodes while others questioned the reliability of the testing procedures implemented and reported that the soil treatment process was ineffective. In May 1977, becoming very suspicious, petitioner finally obtained an independent examination of the soil treatment process by the Department of Nematology at the University of California at Riverside, California at the expense of $1,500. Petitioner was informed that the seismic equipment was not effective in eliminating nematodes. The only role Lemm and Baker had with respect to the soil treatment process activity was periodically meeting with petitioner *522 to conduct tests and accepting payments from petitioner.Sometime in 1977, without petitioner's knowledge, Baker sold the seismic equipment purchased by petitioner. Thereafter, Lemm and Baker relocated and petitioner had no knowledge of their whereabouts. Petitioner eventually sold the truck and trailer which he originally purchased to transport the seismic units. During the taxable years in issue, no business records, other than the register from petitioner's personal checking accounts, were maintained with respect to the activities relating to the soil treatment process. In 1976 and 1977, petitioner expended a total of $42,121.23 in connection with such soil treatment activities as evidenced by copies of cashier's checks and a personal money order as well as the check book register of petitioner's personal checking account; all of these documents have been stipulated to by the parties. Of this amount, $35,280.46 was expended in 1976 and the remaining $6,840.77 was expended in 1977. With the exception of $10,240, which petitioner paid to Lemm and Baker, petitioner had complete control with respect to how such funds were to be spent. On their 1977 joint Federal income tax return, *523 petitioners deducted as a casualty or theft loss $43,576, representing expenses relating to the soil treatment process. [3] In his notice of deficiency, respondent disallowed such deduction for 1977 and made other adjustments unrelated to the soil treatment process with respect to petitioners' Federal income tax for 1975, 1976 and 1977. Petitioners now concede on brief that the expenses pertaining to the soil treatment process were improperly deducted as a casualty and theft loss but argue that such expenses are nonetheless deductible under sections 162, 212 or 1231. [4] The parties are in agreement with respect to all other items set forth in the notice of deficiency, including the additions to tax. *524 OPINION The sole remaining issue is whether petitioners are entitled to deduct the amounts expended by them in connection with the soil treatment process. Petitioners argue that petitioner conducted the activities at issue in his individual capacity and that the expenses at issue are deductible under either section 162 or section 212. Finally, they argue that such expenses constitute losses deductible by reason of section 1231. Respondent's determination is presumed to be correct and petitioners have the burden of proving it to be otherwise. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). We first examine petitioner's contention that the activities should be viewed as being conducted in his individual capacity rather than as a partner or a joint venturer. While all the facts and circumstances are to be examined in determining if persons have formed a joint venture or partnership, the essential question is whether the parties intended to, and did in fact, join together for the present conduct of an undertaking or enterprise. Luna v. Commissioner,42 T.C. 1067, 1077 (1964), citing Commissioner v. Culbertson,337 U.S. 733 (1949). *525 The parties' intention is a question of fact, to be determined from testimony disclosed by the agreement and by the parties' conduct in execution of the provisions of such agreement. Commissioner v. Culbertson,supra.The record reveals that it was petitioner who supplied the funds and exerted the effort to purchase and rent the necessary equipment. Petitioner alone solicited accounts and clients for such activities. From the record, we are convinced that Lemm and Baker did not intent to perform under the agreement. They did no more than make an apperance at the tests and accepted payments from petitioner. From the record, we find that no joint venture or partnership was formed. Having determined that petitioner engaged in such activities in his individual capacity, we now consider if the expenses at issue are deductible. Petitioners first argue that the expenses at issue are deductible under section 162. Generally, under section 162, a taxpayer may deduct ordinary and necessary expenses paid or incurred in carrying on a trade or business. Sec. 162(a). To determine whether activities constitute carrying on a trade or business, this Court has held that *526 all the facts in each case must be examined. Groetzinger v. Commissioner,82 T.C. 793, 796 (1984), affd. 771 F.2d 269 (7th Cir. 1985). Although the record indicates that petitioner expended a degree of personal effort as well as money with respect to the soil treatment process, we find petitioner's activities not sufficiently regular, frequent, active and substantial to constitute a trade or business. See Groetzinger v. Commissioner,supra.We therefore hold that the expenses at issue are not deductible under section 162. In the alternative, petitioners argue that the amount expended is deductible under section 212. Such section allows a deduction for all the ordinary and necessary expenses paid or incurred (1) for the production or collection of income; (2) for the management, conservation, or maintenance of property held for the production of income; or (3) in connection with the determination, collection, or refund of any tax. Section 212 was designed to allow deductions for certain nontrade or nonbusiness expenses. Lykes v. United States,343 U.S. 118 (1952). The deductibility of such losses depends upon *527 the taxpayer's proven intention to realize a profit through such activities. Bessenyey v. Commissioner,45 T.C. 261 (1965), affd. 379 F.2d 252 (2d Cir. 1967), cert. denied, 389 U.S. 931 (1967); see also sec. 183(a). It is not crucial that the taxpayer's expectation be a reasonable one; it is enough that the taxpayer have a bona fide objective of realizing a profit. Bessenyey v. Commissioner,supra;sec. 1.183-2, Income Tax Regs. That there is a small chance of making a large profit may be sufficient to show that a profit-making objective exists. Sec. 1.183-2(a), Income Tax Regs. All the facts and circumstances with respect to such activities are to be taken into account.Sec. 1.212-1(c), Income Tax Regs., 1.183-2, Income Tax Regs.The record indicates that petitioner expended substantial sums of money and effort in the implementing of the soil treatment process. Petitioner's credible testimony at trial recounting his initial belief that such soil treatment process would allow him to realize a fortune is supported by his diligence in implementing such process. Considering the record in its entirety, we hold that petitioner *528 engaged in the activities involving the soil treatment process with an objective of making a profit such that deductions under section 212 may be allowed. To be deductible under section 212, expenses must be ordinary and necessary to the income producing activity. Sec. 212; sec. 1.212-1(d), Income Tax Regs.While we are persuaded that some of the expenses incurred by petitioners satisfy the ordinary and necessary standard and are thus properly deductible under section 212, we hold that part of the amount petitioner paid to Lemm and Baker is not deductible. From the record, during the years in issue, petitioner paid Lemm and Baker a total of $10,240. Of this amount, we find that $5,000, which petitioner is required to pay pursuant to the agreement, is properly deductible under section 212. However, the record is silent as to the purpose for the payment of the remaining $5,240 to Lemm and Baker and we therefore hold that such amount is not properly deductible under section 212. Petitioners also argue that the entire amount expended constitutes a loss deductible by reason of section 1231. As we have found that some of the expenses at issue are deductible under section 212, we limit *529 our discussion of section 1231 to the remaining amount which petitioner paid to Lemm and Baker, i.e., the amount we found thus far not to be deductible. Section 1231 relates to the recognized gains and losses arising from the sale or exchange of property used in the trade or business. Sec. 1231; Sec. 1.1231-1(c)(1), Income Tax Regs. Section 1231 also applies to recognized gains and losses from the compulsory or involuntary conversion of property used in the trade or business and of certain capital assets. Sec. 1231; Sec. 1.1231-1(c)(2), Income Tax Regs. From the record, petitioners have failed to prove that such amounts constitute losses to which section 1231 applies. Therefore, we hold that section 1231 is not applicable herein. To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Nematodes are parasitic worms which are harmful to animals and vegetation.↩
3. Petitioners claimed the loss in the amount of $43,676 but deducted only $43,576 (i.e., that portion in excess of $100) on their return pursuant to sec. 165(c). On brief, petitioners assert that they expended $51,639.74 in connection with the soil treatment activity. From the record, we find that $42,121.23 was expended. ↩
4. For reasons not apparent, petitioners conceded the issued of whether the amount they expended in connection with the soil treatment process constitutes a casualty and theft loss. We do not consider such issue here as it is not properly before us.↩